IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES J. STALLMAN, et al., ) | CASE NO.: 1:10 CV 1006 |
| ) | |
| Plaintiffs, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | MEMORANDUM OPINION |
| COUNTRYWIDE HOME LOANS, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on the Motion of Defendants Countrywide Home Loans, Inc. ("Countrywide") and BAC Home Loans Servicing LP ("BAC") for summary judgment. (ECF #18). For the reasons that follow, Defendants' Motion for Summary Judgment is GRANTED in part as to Plaintiffs' federal claims.

## **FACTS**[1]

Plaintiffs James and Debra Stallman have lived at 5048 Lucydale Avenue, North Olmsted Ohio ( the "property") since 1995. In 2004, the Stallmans refinanced their mortgage through Argent. Thereafter, they received notice that their mortgage had been transferred to Countrywide. On April 7, 2006, the Stallmans entered into a mortgage refinance transaction in which they borrowed $165,600 from Countrywide to refinance the existing mortgage loan on

---

[1] The facts as stated in this Memorandum and Order are taken from the Parties' submissions. Those material facts that are controversial and supported by deposition testimony, affidavit, or other evidence are stated in the light most favorable to the non-moving party.

their home. Both Mr. and Mrs. Stallman signed an Interest Only Adjustable Rate Note ("Note") in which they promised to repay the loan in monthly installments of interest only until May 2008, at which time the payments would change to principal and interest. (Stanford Aff., Ex. 1) The Note is secured by a mortgage ("Mortgage") on the property. (Stanford Aff., Ex. 2) BAC is the current servicer of the Loan.. (Stanford Aff., ¶4).

At the closing on April 7, 2006, each of the Stallmans signed a Notice of Right to Cancel and a Truth in Lending Disclosure Statement. (Signed copies of these documents are attached as Exhibits 5 and 6 to the Stanford Affidavit). Just above the Stallmans' signatures on the Notice of Right to Cancel, it states:

> The undersigned each acknowledge receipt of two copies of <u>NOTICE of RIGHT TO CANCEL</u> and one copy of the Federal Truth in Lending Disclosure Statement.

(Stanford Aff., Ex. 5) Plaintiffs now claim that they only received one copy of the right to rescind. (ECF #26-1, Affidavit of Debra Stallman, ¶¶4-5) Mrs. Stallman states that she was handed a package of papers at the closing in her home by Countrywide's representative Cynthia Ann Carter. Mrs. Stallman avers that she never added or removed any papers from the package. She asserts that she put the package in her filing cabinet. When the problem with the mortgage arose, Mrs. Stallman claims that she took the packet from the filing cabinet and gave them directly to her lawyer. That package of documents only included one copy of the notice of right to rescind. (Id. at ¶3).

Plaintiffs allege that they "were outright lied to at the closing table for this transaction. They were told that the loan was beneficial, and that the interest-only feature would be resolved by a refinancing to occur in six months." (Complaint, ¶ 7). Plaintiffs allege that they

2

did not receive certain disclosures to which they were entitled, including the three day right to rescind. (Id. at ¶ 8). Plaintiffs also allege that they requested a loan modification or other assistance but that Defendants failed to respond to such requests. (Id. at ¶ 13; Affidavit of James Stallman, ¶¶ 6-8).

On March 16, 2009, Mr. and Mrs. Stallman each sent a certified letter to Countrywide cancelling the transaction. (D. Stallman Aff., ¶ 6; J. Stallman Aff., ¶10). On June 4, 2009, Plaintiffs received a letter from Michael DeAngelo acknowledging receipt of the cancellation letter and refusing the cancellation on behalf of Countrywide and BAC. (Id. at 7; Id. at 11).

Mr. Stallman claims that a representative of Countrywide advised him to stop making payments on the loan so that he and his wife would qualify for a program implemented by President Bush. However, after the loan fell into arrears, Countrywide refused to resolve the loan problems with them. (J. Stallman Aff., ¶8).

The Stallmans filed their Complaint against Countrywide and BAC on March 16, 2010, in the Court of Common Pleas for Cuyahoga County, Ohio. Defendants removed the action to this Court on May 5, 2010, on the grounds that two of the claims asserted by Plaintiffs alleged violation of federal statutes (the Truth in Lending Act, 15 U.S.C. § 1601 ("TILA") and the Home Ownership Equity and Protection Act, 15 U.S.C. § 1602) , thus giving this Court jurisdiction pursuant to 28 U.S.C § 1331. Plaintiffs also assert state law claims of fraud, violation of the Ohio Consumer Practices Act, Civil Conspiracy, violation of the Ohio Mortgage Brokers Act, breach of fiduciary duty, quiet title, and for declaratory judgment.[2]

---

[2] On January 20, 2011, Plaintiffs filed a Motion for Voluntary Dismissal without Prejudice of all of their claims except their TILA claim pursuant to Fed. R. Civ. P. 41(a)(2). (ECF #23) While Plaintiffs asserted in their motion that Defendants did not object to the

3

Defendants have filed a Motion for Summary Judgment (ECF #18). Plaintiffs have filed an opposition limited to their Truth in Lending Claim (Count 1). Defendants have filed a reply brief in support of their Motion.[3]

## **STANDARD OF REVIEW**

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(c)). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477

---

dismissal, Defendants have filed a Motion to Strike or Deny Plaintiffs' untimely Motions, including the Motion for Voluntary Dismissal. Defendants also filed an opposition to the Motion for Voluntary Dismissal. Rule 41(a)(2) permits voluntary dismissal of an action by a plaintiff without court order by filing a stipulation of dismissal signed by all parties. As the Motion filed by Plaintiffs in this instance does not constitute a stipulation signed by all parties, and as Defendants object to dismissal without prejudice, Plaintiffs' Motion for Voluntary Dismissal (ECF #23) is denied.

[3]

In their Motion for Summary Judgment, Defendants refer to Requests for Admission that Plaintiffs failed to answer within the 30 day time period set by the Federal Rules and that are deemed admitted pursuant to Fed. R. Civ. P. 36. Plaintiffs filed a Motion to Withdraw Admissions, which Defendants opposed. It is unnecessary to use any of the admissions to decide Defendants' Motion for Summary Judgment as to the federal claims asserted by Plaintiffs. Accordingly, Plaintiffs' Motion to Withdraw (ECF #19) will be denied as moot. Defendants' Motion to Strike (ECF #24) is also denied as moot.

4

U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (citing *Anderson*, 477 U.S. at 252). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citations omitted). In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id*. at 252. However, if the non-moving party faces a heightened burden of proof, such as clear and convincing evidence, it must show that it can produce evidence which, if believed, will meet the higher standard. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmover. The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995). FED. R. CIV. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the

5

>adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate. *Id.*

Though parties must produce evidence in support of and in opposition to a motion for summary judgment, not all types of evidence are permissible. The Sixth Circuit has concurred with the Ninth Circuit that "'it is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment.'" *Wiley v. United States*, 20 F.3d 222, 225-26 (6th Cir. 1994) (quoting *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988)). Fed. R. Civ. P. 56(e) also has certain, more specific requirements:

>[Rule 56(e)] requires that affidavits used for summary judgment purposes be made on the basis of personal knowledge, set forth admissible evidence, and show that the affiant is competent to testify. Rule 56(e) further requires the party to attach sworn or certified copies to all documents referred to in the affidavit. Furthermore, hearsay evidence cannot be considered on a motion for summary judgment.

*Wiley*, 20 F.3d at 225-26 (citations omitted). However, evidence not meeting this standard may be considered by the district court unless the opposing party affirmatively raises the issue of the defect.

>If a party fails to object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to have been waived, and [the Sixth Circuit] will review such objections only to avoid a gross miscarriage of justice.

*Id.* at 226 (citations omitted).

As a general matter, the district judge considering a motion for summary judgment is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing

law." *Anderson*, 477 U.S. at 248. The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter. *Id.* at 249. The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.*

In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

## **ANALYSIS**

In Count 1 of their Complaint, Plaintiffs seek to enforce their right to rescind their loan transaction under TILA. Plaintiffs argue that the three day right to rescind under TILA was extended to three years based upon their allegation that they did not receive two copies of the Notice of Right to Cancel and because Countrywide allegedly used the wrong form for the Notice of Right to Cancel.

TILA provides for statutory penalties if a creditor fails to make certain disclosures required by the statute. See 15 U.S.C. § 1640(a). A claim for damages for violations of TILA must be filed within one year from the date of the occurrence of the violation. 15 U.S.C. § 1640(e). If the TILA disclosures are never made, the obligor has a continuing right to rescind which is not dependent upon the one year statute of limitations period for a claim for damages. *Rudisell v. Fifth Third Bank*, 622 F.2d 243 (6th Cir. 1980). Rather, the right of rescission "shall

expire three years after the date of consummation of the transaction or upon sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor". 15 U.S.C. § 1635(f).

In this case, Plaintiffs admit signing the acknowledgment of receipt of two copies of the Notice of Right to Cancel. TILA provides that the written acknowledgment of receipt of any disclosures required under TILA creates a rebuttable presumption of delivery. 15 U.S.C. § 1635(c). Plaintiffs bear the burden of "going forward with evidence to rebut or meet the presumption." Fed. R. Evid. 301. Plaintiffs argue that the submission of their affidavits asserting that they received only one copy of the Notice of Right to Cancel rebuts the presumption. However, the Sixth Circuit and other courts in this district have determined that plaintiffs' own *post hac* denial of receipt, in affidavit testimony, is insufficient to meet their burden. *Sibby v. Ownit Mortgage Solutions, Inc*., 240 Fed.Appx. 713, 717 (6th Cir. July, 6, 2007); *Lee v. Countrywide Home Loans*, 2010 WL 1487131 at *2 (N.D. Ohio April 13, 2010). Accordingly, Plaintiffs are not entitled to an extended three year right of rescission on this basis.

Plaintiffs also contend that Countrywide provided the wrong rescission form. Specifically, Plaintiffs assert that Countrywide used the H-8 form Notice to Cancel, which is supposed to be used when refinancing with a different lender. Instead, Plaintiffs claim that Countrywide should have used the H-9 form, which is to be used when refinancing with the same lender. Plaintiffs contend that giving the wrong form violates TILA's requirement to provide notice of the right to rescind that clearly and conspicuously disclosed "the effects of rescission." 12 C.F.R. § 226.23(b)(4). Some courts have determined that the use of the wrong

8

form is a rescindable violation of TILA. *See Handy v. Anchor Mortgage*, 464 F.3d 760, 764 (7th Cir. 2006); *Harris v. OSI Financial Services, Inc.*, 595 F.Supp.2d 885, 892 (N.D. Ill 2009). However, other courts, including the Sixth Circuit, have determined that TILA's "clear and conspicuous" standard does not require perfect notice or the use of a specific form, rather, it requires clear and conspicuous notice of rescission rights. *Mills v. EquiCredit Corp.*, 172 Fed. Appx. 652 (6th Cir. 2006); *Barrett v. Bank One, N.A.*, 511 F.Supp.2d 836, 840 (E.D. Ky 2007); *Veale v. Citibank, F.S.B.*, 85 F.3d 577 (11th Cir. 1996); *Santos-Rodriquez v. Doral Mortgage Corp.*, 485 F.3d 12 (1st Cir. 2007); *Smith v. Chapman*, 614 F.2d 968, 972 (5th Cir. 1980).

Review of the Notice of Right to Cancel signed by the Plaintiffs in this case shows that the Notice clearly and conspicuously discloses all of the information required to be disclosed by TILA and its regulations. Specifically, the Notice clearly and conspicuously identifies the transaction, the retention or acquisition of a security interest in their principal dwelling; plaintiffs' right to rescind the transaction; how to exercise the right to rescind; the effects of rescission; and the date on which the rescission period expired. See Stanford Aff., Ex. 5; 12 C.F.R. § 226.23(b). Accordingly, Countrywide's form adequately advised Plaintiffs of their rights as required by TILA. Since Defendants have complied with the TILA disclosure requirements, the three year rescission extension has not been triggered. Accordingly, Plaintiffs are not entitled to rescission under TILA and Defendants are entitled to summary judgment on Plaintiffs' TILA claim (Count 1).[4]

---

[4] Moreover, to the extent that Plaintiffs seek monetary damages under TILA, that claim is barred by TILA's one year statute of limitations. 15 U.S.C. § 1640(e). Since it has been determined that Plaintiffs were not entitled to rescind the transaction, no claim for statutory or actual damages arises from any alleged failure by the Defendant to rescind the loan. Finally, although Plaintiffs' TILA claim fails for the reasons set forth above,

The only other federal claim among the causes of action asserted by Plaintiffs is their claim under the Home Ownership Equity and Protection Act ("HOEPA"). (Count 7). Under HOEPA, mortgage lenders must provide certain disclosures if the points and fees of a refinance loan are more than eight percent of the "total loan amount," as determined under TILA and Regulation Z of the Federal Reserve Board. 15 U.S.C. §§ 1639(a)(1) & 1602(aa)(1); 12 C.F.R. § 226.1 et seq. Defendant has submitted the affidavit of Lora Stanford to show that the Plaintiffs' points and fees did not exceed eight percent of the "total loan amount," consequently the disclosure requirements were not triggered. As Ms. Stanford's affidavit shows, even if every single fee that the Plaintiffs paid, including all those that should be excluded under the regulations, were totaled, the loan would still not qualify as a high cost loan under HOEPA. (Stanford Aff., ¶7 and Ex. 8). As the loan at issue was not subject to HOEPA, Plaintiffs' claim under HOEPA must fail. Accordingly, Defendants are entitled to summary judgment on Plaintiffs' HOEPA claim (Count 7).

## **CONCLUSION**

For the reasons set forth above, Defendants' Motion for Summary Judgment (ECF #18) is **GRANTED** as to Plaintiffs TILA and HOEPA claims, Counts 1 and 7, respectively. As Plaintiffs' TILA and HOEPA claims were the only claims in this matter over which this Court had original jurisdiction, the Court exercises its discretion, pursuant to 28 U.S.C. §1367(c)(3), to

---

the rescission claim would also be dismissed pursuant to Fed. R. Civ. P. 19 because Plaintiffs have failed to join the current owner of the loan, without whom the court could not accord complete relief among the existing parties.

decline to retain supplemental jurisdiction over the remaining state law claims against the Defendants in this case.  The Court, therefore, **REMANDS** this matter to the Court of Common Pleas for Cuyahoga County, Ohio, where it was originally filed.  This case is **DISMISSED**.

    IT IS SO ORDERED.

                                                       _/S/Donald C. Nugent_ 
                                                       DONALD C. NUGENT
                                                       UNITED STATES DISTRICT JUDGE

Date:  February 1, 2011